UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADVANTUS, CORP.
and OT LIGHTING BUYER, LLC,

                                        CASE NO.: 3:23-cv-01393-MMH-PDB

        Plaintiffs,

v.

MICHAEL EGAN,

        Defendant.

_____/

## **FINAL JUDGMENT OF PERMANENT INJUNCTION**

Plaintiffs Advantus, Corp. ("Advantus") and OT Lighting Buyer, LLC initiated this action on November 27, 2023 by filing a Complaint – Preliminary and Permanent Injunctive Relief Requested (Doc. 1) (the "Complaint"), as well as a Time Sensitive Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 2) (the "Motion"). In the Motion, Advantus sought injunctive relief to prevent Defendant Michael Egan ("Egan") from disclosing Advantus' confidential pricing and factory information, described below, to any person or entity. Motion at 4. The Complaint sets forth causes of action for violation of the Federal Defend Trade Secrets Act and a Florida state law claim of tortious interference with advantageous business relationships based on the following allegations. *See generally* Complaint.

Advantus is in the business of designing, manufacturing, and selling various products, including office supplies and arts and craft products. Complaint ¶ 9; Declaration of Kevin Carpenter (Doc. 10) ("Carpenter Decl.") ¶ 3. Until recently, OttLite Technologies, Inc. ("OttLite, Inc.") was "one of the leading national suppliers for desk, table, and floor lamps." Declaration of Doug May (Doc. 11) ("May Decl.") ¶ 6. On October 25, 2023, Advantus acquired certain assets of OttLite, Inc. through Advantus' wholly owned subsidiary, OT Lighting Buyer, LLC. Complaint ¶ 10; Carpenter Decl. ¶ 6; May Decl. ¶ 4.

The assets Advantus purchased included OttLite, Inc.'s "proprietary and confidential data and information relating to [its] customers, products, and accounts" including "price lists, product development, sales histories, and price quotes" (the "Pricing Information") along with "information regarding the capabilities of OttLite, Inc.'s factories used for manufacturing lighting products and the cost of manufacturing such products" (the "Factory Information"). Complaint ¶ 12; *see also* Carpenter Decl. ¶ 8; May Decl. ¶ 7. Advantus alleges that this information is highly confidential, cannot be determined by publicly available means, and derives significant economic value as a result of said confidentiality. *See* Complaint ¶¶ 13-14, 23-24; Carpenter Decl. ¶¶ 9-11; May Decl. ¶¶ 8-10. Advantus further alleges that both it and OttLite, Inc. have

consistently taken steps to maintain the confidentiality of the Pricing and Factory Information. *See* Complaint ¶ 41; Carpenter Decl. ¶ 11; May Decl. ¶ 12.

OttLite, Inc. employed Egan as a National Account Manager for approximately four years prior to Advantus' acquisition of OttLite, Inc.'s assets. Complaint ¶ 15; May Decl. ¶ 13. As a National Account Manager, Egan was responsible for sales to OttLite, Inc.'s customers, including OttLite, Inc.'s biggest customer, which Advantus refers to in its filings as "the Retailer."[1] Complaint ¶¶ 15-16; May Decl. ¶¶ 15-18. Advantus contends that during that time, Egan had limited, "need to know" access to the Pricing and Factory Information for the customers he serviced, and "solely for the purpose of Egan negotiating sales to the particular customers to which the Pricing and Factory Information applied." Complaint ¶ 17; May Decl. ¶ 15. Accordingly, OttLite, Inc. required Egan to sign a Confidentiality Agreement regarding this information, and OttLite, Inc. instructed Egan that the information "was to be kept confidential." Complaint ¶¶ 18, 22; May Decl. ¶¶ 13-14. Plaintiffs further presented evidence that OttLite, Inc. kept its Pricing and Factory Information confidential, and did not share the information "publicly, with competitors, or among customers." May Decl. ¶ 8.

---

[1] Plaintiffs redacted the identity of the Retailer, as well as other confidential information, from the Declarations of Kevin Carpenter and Doug May, and the exhibits thereto, that are attached to the Complaint (Docs. 1-2 and 1-3). Following the entry of an Order (Doc. 9) by the Honorable Patricia D. Barksdale, United States Magistrate Judge, granting Advantus' motion to file unredacted versions of the Declarations under seal, Advantus filed the unredacted Declarations (Docs. 10 and 11) under seal on December 1, 2023.

Indeed, OttLite, Inc. did not disclose the Pricing and Factory Information to Advantus during purchase negotiations until after Advantus executed a nondisclosure agreement. Complaint ¶ 23; Carpenter Decl. ¶ 9; May Decl. ¶ 11. Since purchasing certain of OttLite, Inc.'s assets, including the Pricing and Factory Information, Advantus has continued to keep the information confidential. May Decl. ¶ 12.

Plaintiffs allege that OttLite, Inc. terminated Egan's employment on September 22, 2023, and requested that Egan return his company-issued laptop that contained, among other things, the Pricing and Factory Information. Complaint ¶ 26; May Decl. ¶ 21. Egan refused to return the laptop. Complaint ¶ 26; May Decl. ¶ 21. On November 22, 2023, Egan sent an email to two former members of OttLite, Inc.'s senior management, who by then worked for Advantus, stating that if he did not receive $18,000 in bonus money he claimed OttLite, Inc. owed him before December 4, 2023, he would send an email to the Retailer and others disclosing the Pricing and Factory Information. Complaint ¶¶ 30-31; Carpenter Decl. ¶¶ 18-19; May Decl. ¶¶ 26-28. Egan attached a draft of the proposed email he planned to send to the Retailer to his November 22, 2023 email. Complaint ¶¶ 30-31; Carpenter Decl. ¶¶18-19; May Decl. ¶¶ 26-28. Advantus maintains that disclosure of the Pricing and Factory Information will cause

irreparable harm to Advantus' business relationships with certain customers. Complaint ¶¶ 33-34; Carpenter Decl. ¶¶ 20-21; May Decl. ¶¶ 29-31.

On December 4, 2023, the Court granted Plaintiffs' Motion and entered a Temporary Restraining Order against Egan. *See* Temporary Restraining Order (Doc. 15). Thereafter, on December 12, 2023, the parties filed a Stipulation and Consent to Entry of Final Judgment (Doc. 19) (the "Stipulated Motion"), which the Court construed as a Stipulated Motion for Entry of Final Judgment. In the Stipulated Motion, Plaintiffs clarified that OT Lighting Buyer, LLC assigned to Advantus all of the assets OT Lighting Buyer, LLC acquired from OttLite, Inc. and, therefore, requested that the Court enter the stipulated injunction in Advantus' favor. *See* Stipulated Motion at 1. The Stipulated Motion attaches the Affidavit of Michael Egan (Doc 19-1), wherein Egan attested that he did not plan to attend the hearing the Court scheduled for December 18, 2023, on Plaintiffs' Motion or to otherwise oppose Plaintiffs' Motion, and stated that he "do[es] not oppose the Court converting the TRO to a permanent injunction with the same terms and conditions set forth in the TRO, as well as requiring return of the laptop." *See* Affidavit of Michael Egan ¶¶ 3, 5.

Advantus also filed Egan's Consent to Entry of Final Judgment of Injunction (Doc. 23-1), in which Egan states he consents to the entry of a final judgment in the form attached thereto, and attests that he returned his OttLite,

Inc.-issued laptop to Advantus. *See* Consent to Entry of Final Judgment of Permanent Injunction ¶¶ 3-4. Advantus has additionally filed the Supplemental Declaration of Kevin Carpenter (Doc. 23-2), reflecting that the specific data constituting trade secrets at issue in this case will no longer be able to harm Advantus if disclosed after December 4, 2026. *See* Supplemental Declaration of Kevin Carpenter ¶ 4. Having considered the Stipulated Motion and the record in this case, and for the reasons set forth herein and in the Temporary Restraining Order, it is

**ORDERED AND ADJUDGED**

1.   Defendant Michael Egan, his agents, successors, and assigns, and any persons in active concert or participation with any of them, who receive actual notice of this Order, are **permanently enjoined** from disclosing to any other person or entity any confidential information belonging to Advantus, whether such information was derived from Advantus or OttLite, Inc., in any form, whether written, verbal, or otherwise, including but not limited to (a) Advantus' proprietary and confidential data and information relating to its customers, products, and accounts, including price lists, product development, sales histories, and price quotes, any and all information relating to, referring to, or showing the pricing of any Advantus or OttLite

6

products, or any other data from which such pricing information could be derived, such as, without limitation, order histories, or any other compilations of sales or product data, and (b) information regarding the capabilities of Advantus' or OttLite's factories used for manufacturing lighting products and the costs of manufacturing such products, any and all information relating to, referring to, or showing the capabilities and pricing of Advantus' or OttLite's factories, or any data from which such information could be derived.

2. This Final Judgment of Permanent Injunction shall remain in full force and effect for a period of **three (3) years** from the entry of the Temporary Restraining Order, through and including **December 4, 2026**.

3. The Court shall retain jurisdiction for the purpose of enforcing this Final Judgment of Permanent Injunction, the Temporary Restraining Order, and all matters collateral to the Final Judgment of Permanent Injunction and the Temporary Restraining Order.

4. The parties shall bear their own fees and costs, without prejudice to the parties' rights to later seek any fees or costs previously or hereafter incurred as a result of the violation of the Permanent Injunction or Temporary Restraining Order.

5.      The Declarations of Kevin Carpenter and Doug May (Docs. 10 and 11), filed under seal on December 1, 2023, **shall remain under seal** through **December 4, 2026**.

6.      The Clerk of the Court is **directed** to terminate any remaining pending motions and deadlines and close the file.

DONE AND ORDERED at Jacksonville, Florida on December 21, 2023, at 10:50 a.m. EST.

**MARCIA MORALES HOWARD**
United States District Judge

8